**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Richard Rynn,<br><br>        Plaintiff,<br><br>v.<br><br>Gregory A. McKay, *et al.*,<br><br>        Defendants. | No. CV-18-00414-PHX-JJT<br><br>**ORDER** |

At issue are four Motions to Dismiss (Docs. 9, 12, 15, 52) and a Joinder (Doc. 21) filed by Defendants in this matter, to which Plaintiffs filed two Responses (Docs. 36, 56) and the moving Defendants filed Replies (Docs. 41, 43, 44, 57). The Court resolves the Motions without oral argument. *See* LRCiv 7.2(f).

**I.   BACKGROUND**

According to the Complaint (Doc. 1-1 at 6-18, Compl.), Plaintiff Richard Rynn appears *pro se* in this matter on behalf of both himself and M.R., his minor daughter. Rynn names 14 Defendants in the Complaint: Arizona Department of Economic Security ("DES"); Arizona Department of Child Safety ("DCS"); DES Director Cara Christ; DCS Director Gregory A. McKay; employees of these agencies Cathee Cottee, Maria Rojas, Sarah Ferrell, Candy Zammit,[1] and Christine Miles; La Frontera Arizona EMPACT-SPC ("EMPACT"); EMPACT's employees Renee Miller and Nathan Thorpe; UHS of

---

[1] Defendants contend that Zammit is not an employee of these agencies, but rather an employee of UHS of Phoenix, LLC d/b/a Quail Run Behavioral Health. (*E.g.*, Docs. 12, 41.)

Phoenix, LLC d/b/a Quail Run Behavioral Health; and Desert Vista Behavioral Health Center.[2]

In the Complaint, Rynn alleges that, on an unspecified date, he and his wife checked their daughter M.R. into Quail Run for treatment of an anxiety disorder. After between seven and ten days passed, they went to retrieve M.R., who was under an order from her doctor to be discharged. At the discharge meeting, Quail Run employees asked to keep M.R. for three more days, to which Rynn's wife agreed but he did not. Quail Run did not discharge M.R.

When Rynn and his wife went downstairs to inquire about M.R.'s extended stay, Zammit said she was calling the police and DCS. When DCS arrived, Zammit reported that Rynn "threatened to kill them all," which Rynn denied. DCS took custody of M.R. and did not return her to her parents.

Rynn, on behalf of himself and M.R., sued Defendants in state court, and Defendants removed the action to this Court. Rynn raises six claims against all Defendants grouped together: (1) interference with parent/child relational interest; (2) intentional infliction of emotional distress; (3) wrongful imprisonment; (4) violation of civil rights under 42 U.S.C. § 1983 ("§ 1983"); and (5) and (6) negligence. The moving Defendants now ask the Court to dismiss all of the claims against them by way of four Motions: Quail Run joined by Zammit (collectively, "Quail Run") (Doc. 9, QR MTD; *see also* Doc. 21); Desert Vista (Doc. 12, DV MTD); and two Motions by EMPACT, Miller and Thorpe (collectively, "EMPACT") (Doc. 15, EMPACT 1st MTD; Doc. 52, EMPACT 2d MTD).

**II.    LEGAL STANDARD**

A complaint must include "only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S.

---

[2] Rynn also names as Defendants the spouses of the individual Defendants listed here, to reach the marital property.

544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *see also* Fed. R. Civ. P. 8(a). A dismissal under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim can be based on either (1) the lack of a cognizable legal theory or (2) insufficient facts to support a cognizable legal claim. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). "While a complaint attacked by a Rule 12(b)(6) motion does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint must thus contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that 'recovery is very remote and unlikely.'" *Twombly*, 550 U.S. at 556 (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

## III. ANALYSIS

### A. Rynn's *Pro Se* Appearance

All moving Defendants argue that Rynn cannot act as lawyer for his daughter, M.R., and the Court agrees. (*E.g.*, QR MTD at 9-10.) A party may represent himself in federal court, even if he is not a licensed attorney. 28 U.S.C. § 1654. And, as Rynn argues, a parent may act as a "next friend" to sue on behalf of a minor child. Fed. R. Civ. P. 17(c)(2). But a non-attorney parent cannot act as an attorney for his child, even if the parent is appearing on behalf of the child as "next friend." *Johns v. Cty. of San Diego*, 114 F.3d 874, 876 (9th Cir. 1997) (holding "a non-attorney parent must be represented by counsel in bringing an action on behalf of his or her child" (quoting *Meeker v. Kercher*, 782 F.2d 153, 154 (10th Cir. 1986))). The Court will thus require Rynn to obtain licensed counsel to proceed with the claims of his daughter in this Court. If Rynn does not obtain counsel, he may proceed in this action only on behalf of himself and his own claims, not those of M.R.

### B. Failure to Plead with Requisite Particularity

To begin with, Rynn's Complaint is deficient under Federal Rule of Civil Procedure 8, because it does not adequately distinguish between the 14 Defendants in terms of their alleged conduct; indeed, the only specific conduct alleged in the Complaint is that of Quail Run and Zammit—who allegedly reported to DCS that Rynn "threatened to kill them all"—and DCS—who allegedly did not return M.R. to her parents. A plaintiff may not collectively accuse multiple defendants of committing misdeeds through the expedience of the title "Defendants." Such group pleading fails to comply with Rule 8(a)(2) because it does not give fair notice of the claims against each Defendant with the requisite specificity. *Riehle v. Bank of America, N. A.*, No. CV-12-00251-PHX-NVW, 2013 WL 1694442, at *2 (D. Ariz. Apr. 18, 2013). For this initial reason, the Court will dismiss the entire Complaint.

The Court also notes that Count 6, for negligence, appears to be duplicative, because it is a copy of Count 5, also for negligence.

### C. Immunity Under A.R.S. §§ 13-3620 and 8-805

Arizona law provides that a person who reasonably believes that a minor has been the subject of physical abuse or neglect must report the abuse to DCS, and the person is "immune from any civil or criminal liability by reason of such action, unless such person acted with malice or unless such person has been charged with or is suspected of abusing, abandoning or neglecting the child or children in question." A.R.S. § 13-3620(A), (J). The Court agrees with the moving Defendants that Rynn's allegations are insufficient to show that Quail Run is not immune from Rynn's claims.[3] (*E.g.*, QR MTD at 2-4.) To state a claim, Rynn must allege sufficient facts from which the Court can plausibly infer that Quail Run acted with malice or is suspected of abusing M.R. itself. *See* A.R.S. §§ 13-3620(J); 8-805. For this reason, the Court will dismiss Rynn's claims against Quail Run.

---

[3] As the Court already noted, Rynn alleges only that Quail Run reported him to DCS. The Complaint contains no factual allegations forming the basis of any claims against the other Defendants, except against DCS for refusing to return M.R. to her parents, so no claims even exist against the other Defendants.

- 4 -

Because it is possible that Rynn can cure this defect by amendment, the Court will give Rynn an opportunity to amend the Complaint. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

### D. Claim Under § 1983

"To sustain an action under § 1983, a plaintiff must show (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of a constitutional right." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988). The Court agrees with the moving Defendants, (*e.g.*, QR MTD at 5-6), that Rynn's allegations are insufficient to show that Quail Run and EMPACT were state actors, as required to sustain a § 1983 claim against them. *See Florer v. Congregation Pidyon Shevuyim, N.A.*, 639 F.3d 916, 926-27 (9th Cir. 2011). Indeed, there are no allegations whatsoever of actions taken by EMPACT. The Court will thus dismiss Rynn's § 1983 claim against Quail Run and EMPACT with leave to amend. *See Lopez*, 203 F.3d at 1130.

### E. Punitive Damages

The moving Defendants also argue that the Complaint fails to adequately state a prayer for punitive damages. (*E.g.*, QR MTD at 6-9.) Under Arizona law, punitive damages are awardable if "a reasonable jury could find the requisite evil mind by clear and convincing evidence." *Thompson v. Better–Bilt Aluminum Prods. Co.,* 832 P.2d 203, 211 (Ariz. 1992). In determining whether a defendant exhibited an "evil mind," courts consider "the nature of the defendant's conduct, including the reprehensibility of the conduct and the severity of the harm likely to result, as well as the harm that has occurred [in addition to] [t]he duration of the misconduct, the degree of defendant's awareness of the harm or risk of harm, and any concealment of it." *Id.* at 556. The primary question where punitive damages are concerned is motive, because gross negligence and reckless disregard are not enough. *Volz v. Coleman Co., Inc.,* 748 P.2d 1191, 1194 (Ariz. 1987).

With regard to a § 1983 claim, "a jury may be permitted to assess punitive damages in an action under § 1983 when the defendant's conduct is shown to be

motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others." *Smith v. Wade*, 461 U.S. 30, 56 (1983).

Like the other claims in the Complaint, the allegations pertaining to a prayer for punitive damages are entirely inadequate. There are no factual allegations from which the Court could plausibly infer that Defendants acted with the requisite evil mind in this case; indeed, as the Court has repeatedly pointed out, there are no factual allegations whatsoever regarding actions taken by most of the Defendants, let alone actions demonstrating the requisite evil mind. As a result, the Court will dismiss the prayer for punitive damages for this additional reason, with leave to amend. *See Lopez*, 203 F.3d at 1130.

### F. Non-Jural Entity

In Arizona, a plaintiff may sue a government entity only if the state legislature has granted that entity the power to sue or be sued. *Schwartz v. Superior Court*, 925 P.2d 1068, 1070 (Ariz. Ct. App. 1996). Desert Vista is a subdivision of the Maricopa County Special Health Care District, A.R.S. § 48-5501 *et seq.*, but no statutory authorization exists to sue Desert Vista. (DV MTD at 5-6.) Because Desert Vista is a non-jural entity, the Court will dismiss Rynn's claims against it with prejudice. Thus, the Court need not address Desert Vista's alternative argument that Rynn did not meet the requirements of submitting a Notice of Claim to it under A.R.S. § 12-821.01. (DV MTD at 6-8.)

### G. Failure to Serve Miller and Thorpe

In its Motion and first responsive pleading, EMPACT states that Rynn failed to serve its employees, Miller and Thorpe, with the Complaint and Summons. (EMPACT 1st MTD at 3; Doc. 19, EMPACT Answer ¶ 17.) In his Response, Rynn concedes as much, stating that the process server "was turned away with a denial of all information." (Doc. 36 at 8 n.1.) Rynn asks for an additional 60 days to ascertain the home addresses of Miller and Thorpe.

In an Order dated February 7, 2018 (Doc. 8), the Court warned Rynn that any Defendant not served with the Complaint and Summons by April 4, 2018, as required by

Federal Rule of Civil Procedure 4(m), would be terminated from this action. Rynn never filed a motion for an alternative means of service or an extension of time before the April 4, 2018 deadline, and only conceded the service defect as to Miller and Thorpe in his Response, dated April 17, 2018 (Doc. 36), which was untimely.[4] While the Court affords the benefit of the doubt to *pro se* parties, they must still follow the Court's rules and Orders. *Faretta v. California*, 422 U.S. 806, 834 & n.46 (1975) (noting that self-representation is not "a license not to comply with relevant rules of procedural and substantive law"); *Am. Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1107-08 (9th Cir. 2000) (disabusing a *pro se* defendant of the notion that he was excused from complying with the procedural rules because they were "not something a *pro se* defendant can be expected to know," and concluding that, because defendant caused the default, he was not entitled to have the court set it aside). Accordingly, the Court must terminate Miller and Thorpe from this action, as the Court warned in its previous Order (Doc. 8).

### H. Failure to Serve Preliminary Expert Affidavits

The moving Defendants join together to ask the Court to dismiss Rynn's claims for an additional reason, namely, failure to timely serve preliminary expert affidavits. In an Order dated May 23, 2018, the Court required Rynn to serve preliminary expert reports by May 27, 2018, pursuant to A.R.S. § 12-2603. (Doc. 50.) Although a state law requirement, A.R.S. § 12-2603 has been deemed substantive and thus applicable in federal court. *Kaufman v. Jesser*, 884 F. Supp. 2d 943, 949 (D. Ariz. 2012).

In response, Rynn argues that no such expert reports are necessary, because he is not alleging medical malpractice, but rather liability in connection with telling DCS that he "threatened to kill them all." (Doc. 56 at 4.) The moving Defendants argue that such reports are required under Arizona law any time a plaintiff brings suit against a medical

---

[4] Rynn's statement in his Notice of Filing Affidavits of Service (Doc. 24) that "Miller and Thorp[e] appeared as movants in the motion to dismiss" is true, but is not a substitute for adequate service. Miller and Thorpe's appearance in the motion to dismiss was to argue that they had not been properly served. (EMPACT 1st MTD at 3.)

care provider for breach of the standard of care. (Doc. 57.) The Court agrees with the latter point, and finds that any claim Rynn has tried to state against the moving Defendants for breach of a duty of care—including the negligence claims in Count 5, as repeated in Count 6—must be dismissed for failure to timely provide the required preliminary expert report. *See* A.R.S. § 12-2603(F).

## III. CONCLUSIONS

With regard to the claims of M.R., a minor, she must obtain licensed legal counsel. Accordingly, M.R. shall retain legal counsel who shall file a notice of appearance by September 7, 2018. In the absence of the timely appearance of counsel on behalf of M.R., Rynn may only proceed with his own claims in this action, if he chooses to file an Amended Complaint.

The Court dismisses Rynn's claims against Defendant Desert Vista Behavioral Health Center with prejudice, because it is not a jural entity under Arizona law. The Court also terminates Renee Miller and Nathan Thorpe as Defendants in this action, because Rynn failed to timely serve them with the Complaint and Summons under Rule 4. In addition, Rynn may not bring claims against any of the remaining moving Defendants—UHS of Phoenix, LLC d/b/a Quail Run Behavioral Health, Candy Zammit, and EMPACT—alleging medical malpractice or negligence, because he failed to comply with Arizona law and the Court's Order to timely serve preliminary expert reports.

The Court dismisses the balance of the Complaint with leave to amend, for all of the following reasons:

- Under Rule 8, the Complaint fails to adequately distinguish between the 14 Defendants in terms of their alleged conduct, and indeed alleges no conduct whatsoever of most of the named Defendants.
- Under A.R.S. §§ 13-3620(J) and 8-805, the Complaint fails to allege sufficient facts from which the Court can plausibly infer that any Defendant acted with malice or is suspected of abusing M.R. itself.

- Under 42 U.S.C. § 1983, the Complaint's allegations are insufficient to show that Quail Run and EMPACT were state actors, as required to sustain a § 1983 claim against them.
- Regarding the punitive damages prayer, the Complaint contains no factual allegations from which the Court could plausibly infer that Defendants acted with the requisite evil mind in this case.

**IT IS THEREFORE ORDERED** granting Quail Run Behavioral Health's Motion to Dismiss (Doc. 9).

**IT IS FURTHER ORDERED** granting Defendant Desert Vista Behavioral Health Center's Motion to Dismiss (Doc. 12).

**IT IS FURTHER ORDERED** granting Defendant EMPACT-Suicide Prevention Center, an Arizona Nonprofit Corporation, Miller and Thorpe's Motion to Dismiss (Doc. 15).

**IT IS FURTHER ORDERED** granting Defendants EMPACT-Suicide Prevention Center, an Arizona Nonprofit Corporation, Miller, Thorpe, UHS of Phoenix, LLC d/b/a Quail Run Behavioral Health, Candy Zammit, and Desert Vista Behavioral Health Center's Motion to Dismiss Pursuant to A.R.S. § 12-2603(F) (Doc. 52).

**IT IS FURTHER ORDERED** that Plaintiff M.R. shall retain legal counsel who shall file a notice of appearance by September 7, 2018.

**IT IS FURTHER ORDERED** that Plaintiffs may file an Amended Complaint that complies with this Order and all applicable rules on or before September 14, 2018.

**IT IS FURTHER ORDERED** directing the Clerk of Court to close this case without further Order if Plaintiffs fail to timely file an Amended Complaint.

Dated this 16th day of August, 2018.

Honorable John J. Tuchi
United States District Judge