**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Richard Rynn,<br><br>Plaintiff,<br><br>v.<br><br>Gregory A. McKay, *et al.*,<br><br>Defendants. | No. CV-18-00414-PHX-JJT<br><br>**ORDER** |

At issue are three Motions to Dismiss (Docs. 61, 62, 64) filed by the remaining Defendants in this matter, as well as a Motion for Summary Adjudication (Doc. 70). The Court resolves the Motions without oral argument. *See* LRCiv 7.2(f).

The Court previously entered an Order (Doc. 59) dismissing all of the claims in Plaintiff's Complaint but granting Plaintiff leave to amend certain claims. Plaintiff then filed a First Amended Complaint (Doc. 60, FAC), which all remaining Defendants now seek to dismiss (Docs. 61, 62, 64).

Plaintiff requested an extension of time (Doc. 67) to respond to the Motion to Dismiss filed by EMPACT Suicide Prevention Center (Doc. 61), which the Court granted (Doc. 68), and Plaintiff then filed a Response (Doc. 69) to EMPACT's Motion to Dismiss. Because the Court will grant EMPACT's Motion, it did not await a Reply.

Plaintiff did not timely file a Response to the Motions to Dismiss filed by the State Defendants (Doc. 62) or the Quail Run Defendants (Doc. 64), and the Court will therefore grant those Motions both under LRCiv 7.2(i) and because Plaintiff failed to cure

the defects identified in the Court's prior Order. The Court will therefore dismiss the claims against the State Defendants and the Quail Run Defendants with prejudice and grant the Quail Run Defendants' Motion for Summary Adjudication (Doc. 70).

With regard to Plaintiff's remaining claims against EMPACT, the Court found in its prior Order (Doc. 59) that Plaintiff's claims in the Complaint failed because, among other reasons, (1) Plaintiff did not make any allegation as to an action taken by EMPACT that would give rise to a claim, plainly failing to meet the pleading requirements of Federal Rule of Civil Procedure 8; and (2) Plaintiff did not allege any facts to show that EMPACT is a state actor, as required to sustain a claim under 42 U.S.C. § 1983 against it.

In the FAC, Plaintiff has done nothing to cure these defects. As in the original Complaint, the sole allegation even implicating EMPACT is that one of its employees "asked to keep M.R. for three more days." (FAC ¶ 16.) As the Court stated in its prior Order, this is wholly insufficient to support Plaintiff's claims, and, considering Plaintiff did not even begin to cure the defects in his claims when given the opportunity, the Court will now dismiss those claims with prejudice.

The Court also notes that Plaintiff did not state a federal claim in the Complaint and again failed to state a § 1983 claim against EMPACT in the FAC, and the Court finds that Plaintiff cannot plausibly cure the defect in his § 1983 claim by amendment. Without that federal question claim and considering that diversity jurisdiction is clearly lacking, the Court also lacks subject matter jurisdiction over Plaintiff's state law claims. *See* 28 U.S.C. §§ 1331, 1332. The United States Supreme Court has stated that a federal court must not disregard or evade the limits on its subject matter jurisdiction. *Owen Equip. & Erections Co. v. Kroger*, 437 U.S. 365, 374 (1978). Thus, a federal court is obligated to inquire into its subject matter jurisdiction in each case and to dismiss a case when subject matter jurisdiction is lacking. *See Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004); Fed. R. Civ. P. 12(h)(3). To proceed in federal court, a plaintiff must allege enough in the complaint for the court to conclude it has subject matter jurisdiction. *See* Fed. R. Civ. P. 8(a); Charles Alan Wright & Arthur R. Miller, *5 Fed. Practice &*

*Procedure* § 1206 (3d ed. 2014). In the FAC, Plaintiff has failed to show that the Court has subject matter jurisdiction over his claims, and the Court must dismiss Plaintiff's claims for this additional reason.

**IT IS THEREFORE ORDERED** granting Defendant EMPACT-Suicide Prevention Center, an Arizona Nonprofit Corporation's Motion to Dismiss (Doc. 61).

**IT IS FURTHER ORDERED** granting the State Defendants' Motion to Dismiss (Doc. 62).

**IT IS FURTHER ORDERED** granting Defendants Quail Run Behavioral Health and Candy Zammit, *et ux.*'s Motion to Dismiss (Doc. 64).

**IT IS FURTHER ORDERED** granting Defendants Quail Run Behavioral Health and Candy Zammit, *et ux.*'s Motion for Adjudication of their Motion to Dismiss (Doc.70).

**IT IS FURTHER ORDERED** that all of Plaintiff's claims in the First Amended Complaint (Doc. 60) are dismissed with prejudice.

**IT IS FURTHER ORDERED** directing the Clerk of Court to enter judgment accordingly and close this case.

Dated this 6th day of November, 2018.

Honorable John J. Tuchi
United States District Judge